No. 5745.

## GULF, COLORADO & SANTA FE RAILWAY COMPANY *v.* T. B. ELLISON.

1. RAILWAYS—EVIDENCE.—Though a railway company which receives cattle for transportation may not contract to carry them on a train devoted for the trip to that exclusive purpose, or to carry the cattle at a designated rate of speed, the duty remains to carry them with reasonable dispatch, in view of the character of the freight, and its liability to injury from delay, and evidence showing neglect in this regard is admissible under proper averments in a suit against the company for damages.

2. SHIPPING CATTLE.—If in transporting the stock the cars can be stopped and started without doing it so abruptly as to throw the cattle down and injure them it is the duty of the company to do so.

APPEAL from Tarrant. Tried below before the Hon. R. E. Beckham.

*Davis, Beall & Rodgers,* for appellant: That the court erred in admitting the testimony (referred to in the opinion) because irrelevant, they cited 60 Texas, 171; 59 Texas, 543; Graham & Waterman on New Trials, 612–630.

The court should not have considered any damage to said cattle that was necessarily incident to their transportation.

The deposition of the plaintiff says that the jerking in starting and stopping so often would throw said cattle off their feet, in consequence of which they were crippled and bruised

There was a fatal variance between the allegations of plaintiff's petition and the proof adduced in evidence on the trial.

The plaintiff's declaration was "in tort" that "the defendant was a common carrier for hire, and received plaintiff's cattle, to be by him, within a reasonable time, transported from Rosenberg to Morgan, but that he negligently and carelessly delayed the said cattle, to his damage, as alleged.

It appears in evidence that there was a live stock contract for the shipment of these cattle from Victoria, Texas, over the New York, Texas & Mexican Railway to Rosenberg Junction, in which both parties agreed that, although the destination of the stock was Morgan, on defendant's road, that the New York,

Texas & Mexican Railway Company should only be bound to carry to the end of its line and there deliver to the next common carrier, which was the defendant's railway. (Railway v. Allison, 59 Texas, 193; 16 Am. and Eng. Railway Cases, 165, 194; 18 Am. and Eng. Railway Cases, 490, 549; 27 Cal., 11; 38 Ind., 150; 9 Bush, 688; 13 Ind., 518; 50 Ind., 399; 89 Ind., 457.)

*Ball & McCart,* for appellee: The court did not err in admitting the evidence, because said testimony, under the pleading, was competent, and because, if the testimony was illegal, the cause being tried by the court, it will not afford ground for reversal of the judgment, there being legal evidence to support the judgment; and because it was competent to show a delay and damage in the shipment of the cattle, whether caused by attaching local freight to the cattle train, or from any other cause. (Smith v. Hughes, 23 Texas, 248; Melton v. Cobb, 21 Texas, 539; Lindsay v. Jaffray, 55 Texas, 626; Willson's Civil Cases, secs. 836, 527; Grimes v. Hagood, 19 Texas, 249.

STAYTON, CHIEF JUSTICE. This action was brought to recover damages for injury to cattle alleged to have occurred in transportation wholly within this State. It is alleged that the injury resulted from the failure of the appellant to transport within a reasonable time, and from the improper operation of the train.

The cause was tried without a jury, and a judgment for four hundred and twenty dollars was rendered for appellee, which amount is well sustained by the evidence. In showing the delay in transporting the cattle, a witness was permitted to state that cars containing local freights were attached to the train, which rendered it necessary for it to stop at the many stations on the road to discharge freight, whereby the transportation of the cattle was greatly prolonged. This evidence was objected to on the ground that the appellant had not contracted to carry the cattle on a train not required to stop to discharge freight at way stations, and on the further ground that it had not contracted to transport the cattle at any given rate of speed. The evidence was doubtless introduced to show the causes which led to the delay claimed to have been unnecessary and unreasonable. Although the appellant may not have contracted to transport the cattle on a train devoted to that purpose exclusively, or to transport them at any given rate of

speed, yet it was its duty to transport them with all reasonable dispatch, having in view the character of the freight and its liability to injury from long detention on the cars; and facts tending to show that this was not done were admissible.

A witness, in explaining how the cattle were injured, stated that "the jerking in starting and stopping so often would throw said cattle off their feet, and in consequence they were crippled and bruised." It was further shown that the manner of starting and stopping the train was rough, and that from this injury resulted. In the transportation of cattle or any other freight, it is the duty of a railway company so to manage its cars as to protect it, as far as this can be done by the use of proper care, from injury, and if it fails to do so it is liable. If cars can be stopped and started without such jerks as will cause cattle to fall and thus be injured, it is its duty to do so, and a failure in this respect, from which injury results, will fix liability. If jerks, having such effect, will necessarily occur, then occasions for them to occur ought not to be furnished more frequently than the careful operation of a train makes necessary.

There was no error in the admission of the evidence. It is claimed that the judgment is excessive; but an inspection of the record furnishes no foundation for this claim.

The only other assignment is that the judgment is contrary to the law and the evidence. This assignment, as has been repeatedly held, is too general to require consideration.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*